UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-760-H

JERRI LEIGH JACKSON                    **PLAINTIFF**

v.

**GALT HOUSE** *et al.*                      **DEFENDANTS**

## MEMORANDUM OPINION

   Acting without the assistance of counsel, Plaintiff Jerri Leigh Jackson filed the above-styled action. She sues the Galt House; the Kentucky Commission on Human Rights; the EEOC Louisville Area Office; and the EEOC Indianapolis, Indiana Office. She alleges that the Defendant Galt House discriminated against her on the basis of her disabilities when she applied for employment with it. She alleges that the other Defendants wrongly handled her administrative complaints about the discrimination. Along with her complaint, Jackson also filed a motion to proceed *in forma pauperis*. Upon review, Jackson's motion (DN 3) is **GRANTED**.

   Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen Jackson's complaint before service on Defendants. *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review under § 1915(e), a district court must dismiss an action that it finds to be frivolous or malicious or that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).[1] For the reasons set forth below,

---

[1] This section provides:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
(A) the allegation of poverty is untrue; or
(B) the action or appeal—
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or

on initial review, the Court will dismiss Jackson's complaint for failure to state a claim and as frivolous.

## I. Standard of Review

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. Additionally, "[t]he *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-38 (1989)).

**A.     *Failure to State a Claim under § 1915(e)***

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 is fairly liberal in its requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937, 1950 (2009). While Rule 8 does not require a plaintiff to include every minute detail that makes up her claim, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949. "A plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

---

(iii) seeks monetary relief against a defendant who is immune from such relief.

will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court recently clarified how Rule 8 should be applied when reviewing a complaint for failure to state a claim.[2] *See Iqbal*, 129 S. Ct. at 1950. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The first step requires the Court to identify allegations that "because they are no more than [legal] conclusions, are not entitled to the assumption of truth." The Court is then left with factual allegations. The Court must presume the factual allegations are true, but its inquiry does not end at this point. The Court must go one step further and determine whether the facts state a claim that is *plausible*. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, No. 10-5009, -- F.3d --, 2010 U.S. App. LEXIS 26087, at *5-6 (6th Cir. Dec. 23, 2010) (to be published) (quoting *Iqbal*, 129 S. Ct. at 1949). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949.

## B.      *Frivolity under § 1915(e)*

"Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Hill*, 2010 U.S. App. LEXIS

---

[2]In this Circuit, the Supreme Court's analysis as explained in *Iqbal* and *Twombly* applies on initial review of a complaint under 28 U.S.C. § 1915(e). *See Hill v. Lappin*, No. 09-5575, __ F.3d__, 2010 U.S. App. LEXIS 26261 at *5 (6th Cir. Dec. 28, 2010) (to be published) ("We now decide that the dismissal standard arti,culated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6).").

3

26261 at *6.  "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton,* 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327-28)).  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

## *II. Plaintiff's Complaint*

Jackson handwrote her complaint on a court-supplied general complaint form.  The complaint is neither easy to read nor to follow.  Nevertheless, the Court has done its best to distill Jackson's intent.  The best the Court can tell, it appears that Jackson applied for a position with Defendant Galt House sometime in 2009.  In the statement of claim section of the complaint, Jackson describes her complaint against the Galt House as follows:

> Discrimination on disability and retaliation as shots were the object of ridicule [illegible] . . . with psychiatric mental psychotic labelings of abuse. Camera actually shows how upset Jackson was as she confronted the injustice . . . Galt House computer was not something Jackson could master alone. Jackson was frustrated [illegible] . . . there was no help. Employment seduction occurred with an alleged interview to [illegible] a job that ended up being a Jerri Jackson scolding session by HR Director Rebecca Bryant because Jackson had submitted a formal written complaint against HR to the hotel manager. Jackson was told she would not be hired to drive.

Jackson attaches approximately a hundred pages of exhibits to her complaint.  She wrote page numbers on the exhibits, but they are not cited in the body of the complaint nor organized in any

4

logical way that the Court has been able to decipher. Among other things, the exhibits include: numerous charges of discrimination Jackson has filed against other entities over the last several years; information on housing discrimination; copies of business cards; a myriad of Jackson's medical records some dating as far back as the early 1990s; copies of affidavits submitted as part of Jackson's divorce and child custody proceedings in 1990; a certificate of achievement from Continental Airlines; printouts from the internet regarding the closing of a trucking company that Jackson either worked for or was in training with; a denial-of-housing letter from Habitat for Humanity dated August 15, 2009; a handwritten "to whom it may concern" letter dated November 15, 2005, written by one of Jackson's friends explaining that Jackson would soon need housing; and legal papers regarding a 2001 mental inquest proceeding.

The documents' significance is not readily apparent.[3] However, Jackson has written and highlighted notes on many of the pages. Jackson's notes seem to indicate that she believes that Galt House personnel and the EEOC had knowledge of her divorce proceedings, health history, housing status, and otherwise were basically aware of every significant detail of her life. She

---

[3]The Court has done its best to wade through Jackson's exhibits in an attempt to better understand her complaint. The Court notes, however, that it is not required to analyze the exhibits in an effort to construct a claim for Jackson. *See Olayemi Dele Jinadu v. Fitzgerald*, No. 99-4259, 2000 U.S. App. LEXIS 23650, *3-4 (6th Cir. Sept. 15, 2000) ("The district court's duty to construe Jinadu's *pro se* pleadings liberally did not obligate it to analyze attachments to Jinadu's complaint in order to speculate about the claims Jinadu may be attempting to bring."); *Bey v. McGinnis*, No. 98-1930, 1999 U.S. App. LEXIS 23676, *4 (6th Cir. Sept. 23, 1999) ("[The plaintiff] refers the court to an attachment consisting of a minimum of fifty pages. The district court's duty to construe Young Bey's *pro se* pleadings liberally did not obligate it to analyze attachments to Young Bey's complaint in order to speculate about the claims Young Bey may be attempting to bring.").

implies that the Galt House's decision to deny her employment was based on this knowledge. For example, on the top of the mental inquest expungement order, Jackson writes, "Galt House personnel/Louisville EEOC all over town are networking Jackson has been arrested"; on the 2005 letter regarding Jackson's need for housing assistance, she writes, "Galt House knew Jackson was in the streets, not hired as a result"; and on her ex-husband's 1990 answer to her petition for dissolution of marriage, she writes, "they knew about the divorce and talked negatively about me being a minister's wife–behavior attacks galore!".

As for the remaining three defendants--the Kentucky Commission on Human Rights; the EEOC Louisville Area Office; and the EEOC Indianapolis, Indiana Office--Jackson alleges that she reported the Galt House's employment discrimination against her to these administrative agencies. She states that the agencies improperly handled her complaints and denied her relief.

### *III. Analysis*

A.  *The Galt House*

Pursuant to 42 U.S.C. § 12112, a covered entity shall not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102. To establish a prima facie case of discrimination under the Americans with Disabilities Act (ADA), "a plaintiff must show (1) that she is an individual with a disability; (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation;

6

(3) who suffered an adverse employment action; (4) the employer knew or had reasons to know of her disability; and (5) a non-disabled person was given the position." *Nance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir. 2008) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)).

Jackson's allegations of employment discrimination fail under *Iqbal*. She alleges that she is disabled; however, this is merely a legal conclusion that the Court is not required to accept as true. The body of Jackson's complaint is devoid of any factual assertions explaining how her disabilities limit her major life activities. Additionally, while she alleges that Defendant Galt House failed to hire her because of her disability (or its perception thereof), she has not identified the job she was applying for in her complaint, explained why she was qualified to perform it, nor alleged that the Galt House ultimately hired a non-disabled person for the position. At most, the facts alleged by Jackson, if accepted as true, establish that she experienced difficulties with the computer application process, voiced her dissatisfaction with the process, made a complaint related thereto, and had a negative interview experience. She has wholly failed to allege any facts that establish that she was not given the position because of a disability. Likewise, Jackson has failed to allege any facts in support of her retaliation claim. She has simply stated a legal conclusion that she was not hired in retaliation for complaining about her treatment during the application process.

Additionally, Jackson's allegations that personnel at the Galt House were aware of her 1990 divorce in Georgia, her medical treatment much of which occurred in Tennessee, her various stints of homelessness, and her many past discrimination charges defy logic. She has not alleged a plausible claim. After carefully reviewing Jackson's allegations as described above,

7

the Court concludes that the facts she alleges present a fantastic and delusional scenario in which personnel that she encountered while filling out a job application on a computer knew exactly who she was and many significants detail of her life for the past two decades. The allegations made by Jackson are the type of claims which should be subject to dismissal because they rise to the level of the irrational. *See Prewitt v. United States Postal Serv.*, 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gate of the realms of fantasy. We decline to enter in.").

Ultimately, Jackson has failed to allege facts sufficient to show a plausible claim based on either direct or retaliatory discrimination by Defendant Galt House. Her complaint is comprised simply of legal conclusions and implausible factual scenarios. Therefore, her claims against Defendant Galt House will be dismissed with prejudice as frivolous and for failure to state a claim.

### B. *EEOC Defendants and Defendant Kentucky Commission on Human Rights*

Jackson's allegations against the EEOC Defendants and the Kentucky Commission on Human Rights arise from her belief that they improperly handled her employment discrimination claims against the Galt House.

"There is no private cause of action for the improper investigation or processing of a discrimination charge." *Reed v. EEOC*, No. 96-1275, 1996 U.S. App. LEXIS 29032 (6th Cir.Oct. 30, 1996) (citing *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991); *Gillis v. United States Dep't of Health and Human Servs*., 759 F.2d 565, 574 (6th Cir. 1985); *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984). "When the EEOC [or a corresponding state agency] fails to act, delays, or errs in its processing of a complaint, the complainant's remedy, as provided by statute, is to bring a *de novo* lawsuit against his employer in the district

court." *Verboom v. Department of Defense*, No. 93-3005, 1993 U.S. App. LEXIS 20221, *3-4 (6th Cir., Aug. 5, 1993) (citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 365-66 (1977)); *see, e.g.*, *Rhoades v. Ohio Civil Rights Comm'n*, No. 1:07 CV 0802, 2007 U.S. Dist. LEXIS 45523 (N.D. Ohio June 22, 2007) (holding that plaintiff could neither maintain a claim against the EEOC nor the Ohio Civil Rights Commission for any breach of its duty to investigate or adjudicate his discrimination charges). Conclusory allegations that administrative agencies conspired with private employers to thwart a discrimination complaint, like the ones in Jackson's complaint, also fail to set out a cognizable cause of action. *Milhous v. EEOC*, No. 97-5242, 1998 U.S. App. LEXIS 6042 (6th Cir. Mar. 24, 1998).

Plaintiff has failed to state a claim on which relief may be granted against the EEOC Defendants and the Kentucky Commission on Human Rights. Accordingly, her claims against these three Defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## *IV. Conclusion*

Consistent with this Memorandum Opinion, the Court will enter a separate Order dismissing Jackson's claims against Defendants for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Date:


cc:     Plaintiff, *pro se*

4412.008